UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACOB MEEKS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )    No. 4:11 CV 1861 CAS / DDN |
| | ) |
| JENNIFER SACHSE, | ) |
| | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

This action is before the court upon the original and amended petitions of Missouri state prisoner Jacob Meeks for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docs. 1, 5.) The matter was referred to the undersigned United States Magistrate Judge for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends that the petitions for a writ of habeas corpus be denied.

## I. BACKGROUND

In his original petition, Meeks alleges that his case arose in the Circuit Court of Clay County, Missouri, where he was charged with three counts of forgery. However, those charges were dropped. (Doc. 1 at 2.) On July 24, 2007, petitioner pled guilty in the Circuit Court of New Madrid County to passing a bad check. On the same day, the circuit court suspended imposition of sentence and placed petitioner on probation for five years. (Doc. 21-1; Doc. 21-2 at 2-3.) On August 31, 2009, petitioner alleges, the New Madrid County circuit court revoked petitioner's probation and sentenced him to five years imprisonment. (Docs. 5 at 1, 21-2 at 4.)

On January 15, 2010, petitioner filed in the Circuit Court of New Madrid County a pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035. (Doc. 21-3 at 1.) On August 16, 2010, petitioner filed an amended motion for post-conviction relief. Id. On July 29, 2011, after petitioner failed to appear for an evidentiary hearing, the circuit court dismissed petitioner's motion with prejudice. (Id. at 2.)

On October 5, 2011, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Western District of Missouri. (Doc. 1.) The case was thereafter transferred to this court. (Docs. 2, 3.) On November 16, 2011, petitioner amended his petition. (Doc. 5.)

## II. PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges three grounds for relief in this habeas action:

(1) The prosecution engaged in improper conduct by charging him with forgery despite his ownership of the company whose check he allegedly forged.

(2) The voluntary dismissal of his charges in the Clay County Circuit Court and the refiling of them in the New Madrid County Circuit Court violated the Double Jeopardy Clause.

(3) His trial counsel rendered constitutionally ineffective assistance because he advised petitioner to plead guilty and because he was disbarred.

(Doc. 5.) Respondent contends that petitioner's grounds are procedurally barred and are without merit. (Doc. 21.)

## III. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for the claims they make in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Given the limitation periods under Missouri law, for asserting grounds for relief on direct appeal and in motions for post-conviction relief, no proper procedure for litigating his federal habeas claims now remains available to petitioner. See Mo. S. Ct. R. 29.15(b) (post-conviction relief motion must be filed within 90 days after the mandate of the court of appeals affirming the judgment or sentence is filed; 180 days from the date the person is delivered to the department of corrections); Mo. S. Ct. R. 81.04(a) (10 days to file a notice of appeal after circuit court judgment is final).

However, exhaustion in the sense that petitioner now has no remaining procedure for bringing a claim to the state court does not satisfy the federal statutory requirement. Rather, petitioner must have fairly presented the substance of each federal ground to the trial and appellate courts. Anderson v. Harless, 459 U.S. 4, 6-7 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so, because he has defaulted on the legitimate requirements of the otherwise available procedures, any such ground for federal habeas relief is barred from being considered by the federal courts. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court).

Petitioner alleges that he raised his grounds in a motion for post-conviction relief. However, the post-conviction relief court did not rule on the merits of this motion; rather, it dismissed the motion with prejudice because petitioner failed to appear. (Doc. 21-3.) Moreover, petitioner did not appeal the circuit court's ruling.

Petitioner further alleges that he raised these grounds in state court with a motion for a writ of habeas corpus under Missouri Supreme Court Rule 91. However, the Missouri courts have stated:

> A person who has suffered criminal conviction is bound to raise all challenges thereto timely and in accordance with the procedures established for that purpose. To allow otherwise would result in a chaos of review unlimited in time, scope, and expense. In accordance with our previous decisions, habeas corpus is not a substitute for appeal or post-conviction proceedings. Habeas corpus [(under Rule 91)] may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies only to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.

State ex rel. Simmons v. White, 866 S.W.2d 443, 446 (Mo. 1993). Petitioner's grounds are properly raised on direct appeal or on motion for post-conviction relief. See e.g., Wilson v. State, 383 S.W.3d 51, 57 (Mo. Ct. App. 2012) (prosecutorial misconduct raised at post-conviction relief stage); State v. Flenoy, 968 S.W.2d 141, 143 (Mo. 1998) (double jeopardy claim raised on direct appeal); Yoakum v. State, 849 S.W.2d 685, 687 (Mo. Ct. App. 1993) (ineffective assistance of counsel claim raised at post-conviction relief stage). Because petitioner did not raise his grounds at the appellate level and because Rule 91 habeas corpus is not a

substitute for the appellate or post-conviction relief proceedings in Missouri state court, petitioner's grounds are procedurally barred.

Nevertheless, petitioner may avoid the procedural bar if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review the claims would result in a fundamental miscarriage of justice. Maples v. Thomas, 132 S. Ct. 912, 922 (2012); Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). However, petitioner has not argued any basis for avoiding procedural bar.

Nevertheless, Congress has authorized courts to consider and dismiss procedurally barred grounds if a court concludes that they are without merit. 28 U.S.C. § 2254(b)(2). The undersigned has considered all of petitioner's federal grounds on their merits.

## IV. STANDARD OF REVIEW

None of petitioner's claims were adjudicated on the merits by a Missouri state court. Therefore, the pre-AEDPA standard for habeas review governs. Gingras v. Weber, 543 F.3d 1001, 1003 (8th Cir. 2008) ("Because [petitioner's] apparently unexhausted claim was not adjudicated on the merits, we likely should apply the pre-AEDPA standard of review, rather than the deferential standard of 28 U.S.C. § 2254(d).") (internal citations and quotations omitted); Montes v. Trombley, 599 F.3d 490, 495 (6th Cir. 2010). The pre-AEDPA standard requires de novo review. Worthington v. Roper, 631 F.3d 487, 495 (8th Cir. 2011).

## V. DISCUSSION

### A. Ground 1

In federal Ground 1, plaintiff argues that the prosecution acted improperly by charging him with forgery despite his ownership of the company whose check he allegedly forged. Petitioner implies that the prosecution charged him with forgery before he pled guilty to passing a bad check. Under the pre-AEDPA de novo standard, petitioner is entitled to no relief. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Vaughan, 13 F.3d 1186, 1187 (8th Cir.

1994). Moreover, even assuming the truth of petitioner's allegations, petitioner Meeks cites no federal law that merely charging a criminal defendant with a crime he did not commit rises to the level of a constitutional violation. See United States v. Wadlington, 233 F.3d 1067, 1073 (8th Cir. 2000) ("Where the defendant has alleged prosecutorial misconduct, dismissal of an indictment is proper only when the defendant demonstrates flagrant misconduct and substantial prejudice."). Petitioner has not alleged or shown flagrant misconduct or substantial prejudice. Further, he alleges he did not plead guilty to forgery, but to passing a bad check.

Accordingly, Ground 1 is without merit.

**B. Ground 2**

In federal Ground 2 petitioner argues that the prosecutor's voluntary dismissal of the charges against him in Clay County and the refiling of them in New Madrid County violated the Double Jeopardy Clause. Applying the pre-AEDPA standard, the undersigned notes that the Double Jeopardy Clause protects against "a second prosecution for the same offense after acquittal," "a second prosecution for the same offense after conviction," and "multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498 (1984). A prosecutor's voluntary dismissal of a charge is neither a conviction nor an acquittal upon which constitutional jeopardy attaches. United States v. O'Conner, 64 F.3d 355, 360 (8th Cir. 1995).

Assuming the truth of petitioner's allegations, the record does not show nor does petitioner plead that the Clay County Circuit Court accepted a guilty plea from him. Therefore, he has not shown that jeopardy attached to any prosecutorial efforts in Clay County which would prevent prosecution for the same offense in New Madrid County. Petitioner fails to allege facts that demonstrate a violation of the Double Jeopardy Clause.

Accordingly, Ground 2 is without merit.

**C. Ground 3**

In federal Ground 3 petitioner argues that his trial counsel rendered constitutionally ineffective assistance because he advised petitioner to plead guilty and because he was disbarred. Applying the pre-AEDPA standard, in Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth

and Fourteenth Amendments. Under Strickland, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. If there is any reasonable argument that the state court decision is consistent with Strickland, then the state court decision must be left undisturbed. Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012).

A petitioner must prove two elements to prevail on a claim of ineffective assistance of counsel. First, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Strickland. 466 U.S. at 687–88. There is a strong presumption that counsel rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Counsel's strategic choices made after thorough investigation are virtually unchallengeable. Strickland, 466 U.S. at 690–91. Additionally, decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. Id.

Second, under Strickland petitioner must demonstrate actual prejudice by counsel's deficient performance. Id. at 687. To show prejudice, "the likelihood of a different result must be substantial, not just conceivable." Williams, 695 F.3d at 831. Petitioner must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Lockhart v. Fretwell, 506 U.S. 364, 370 (1993).

Contrary to petitioner's allegations, the Supreme Court of Missouri did not disbar petitioner's trial counsel, Derrick Williams. In re Williams, Case No. SC86450.[1] Rather, it suspended his counsel but stayed the suspension allowing him to practice law throughout the duration of his representation of petitioner. Id. Thus, petitioner's allegation regarding the disbarment of his trial counsel is factually incorrect.

Moreover, petitioner fails to demonstrate that trial counsel's performance in petitioner's case fell below the standard of reasonableness by advising petitioner to accept a guilty plea. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. In many situations, a guilty plea may benefit a criminal defendant.

---

[1] The undersigned takes judicial notice from Case.net, http://www.courts.mo.gov/casenet/ (last visited May 7, 2014).

See e.g., Brady v. United States, 397 U.S. 742, 751 (1970). Indeed, following his guilty plea, petitioner was placed on probation. By merely alleging that trial counsel advised him to accept the guilty plea agreement, petitioner fails to satisfy his burden of demonstrating deficient performance.

Accordingly, Ground 3 is without merit.

## VI. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the petitions of Jacob Meeks for a writ of habeas corpus (Docs. 1, 5) be denied.

The parties are advised that they have 14 days to file written objections to the Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

/s/ David D. Noce
UNITED STATES MAGISTRATE JUDGE

Signed on May 14, 2014.